Complaint Brought Pursuant to 42 U.S.C. sec 1983 for Excessive Force, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO BAEZ
Plaintiff

v.

City of New York
City of New York POLICE Department

Defendants

CIVIL ACTION:

VERIFIED COMPLAINT
JURY CLAIM
AS TO ALL COUNTS

---

INTRODUCTION

ANTONIO BAEZ of Bronx, New York, asserts the following claims against the defendants in above-entitled action:

1. Violation of 42 U.S.C. 1983: FALSE ARREST

2. Violation of 42 U.S.C. 1983: INTERFERENCE WITH BUSINESS PRACTICES

3. Intentional Infliction of Emotional Distress

4. Negligent Infliction of Emotional Distress

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff ANTONIO BAEZ ["BAEZ"] is a natural person residing in Bronx, New York, United States of America; and was a resident of Bronx, New York during all relevant times of this action.

4. Defendant New York City is a properly incorporated city in the State of New York, and is being sued under "Monell" claims.

5. Defendant City of New York Police Department is an authorized agency of the City of New York.

6. Defendant City of New York Department of Corrections is an authorized agency of the City of New York.

7. Defendant UNNAMED POLICE OFFICERS AND IN THAT THEY WERE EMPLOYED BY THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times material to this Complaint, Defendants City of New York, City of New York POLICE Department acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

FACTS

10. On SEPTEMBER 9, 2012, CLAIMANT WAS ARRESTED AND DETAINED FOR POSSESSION OF A CONTROLLED SUBSTANCE IN THE 7TH DEGREE

11. ON THE ABOVE NOTED DATE, PLAINTIFF STATES THAT HE WAS NOT ENGAGED IN ANY ILLEGAL, ILLICIT BEHAVIOR.

12. Plaintiff, ALLEGES THAT HE WAS ARRESTED AND HIS BUSINESS WAS FORCED TO CLOSE DUE TO AN ALLEGATION OF POSSESSION OF A NARCOTIC SUBSTANCE.

13. THE INJURIES PLAINTIFF RECEIVED WERE A PERIOD OF DETENTION OF TWO DAYS.

14. PLAINTIFF NOTES HE WAS NOT ENGAGED IN ANY BEHAVIOR VIOLATIVE OF ANY RULE OR REGULATION AT THE TIME OF HIS ASSAULT.

15. PLAINTIFF NOTES THAT HE HAS PROLONGED HEADACHES, STRESS AND ANXIETY AS A RESULT OF THE ULTIMATE LOSS OF HIS BUSINESS AFTER NO

LONGER BEING ABLE TO MAINTAIN PAYMENTS SUBSEQUENT TO A LENGTHY CLOSURE BY THE CITY.

COUNT 1: VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

16. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17. For "Monell" Purposes, Defendant City of New York ("City") failed to properly train their department of correction employees on how to handle prisoners and when it would be appropriate to use force when interacting with a prisoner.

18. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department and department of corrections, to wit, using an inappropriate amount of force with those in the custody of said departments.

19. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their POLICE department. This practice led to the incident ON 9/1/2012 WHERE IN WHICH CLAIMANT WAS IMPROPERLY DETAINED, ARRESTED AND PROCESSED FOR A MATTER WHICH WAS SUBSEQUENTLY DISMISSED ON 1/22/2013.

WHEREFORE, Plaintiff demands judgment for FALSE ARREST against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of 250,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $250,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 19 above with the same force and effect as if herein set forth.

21. Defendants intentional and reckless conduct resulted IN A SERIOUS AND PERMANENT INJURY TO THE PLAINITFF.

22. The failure of the Defendant's to provide Plaintiff with proper care was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by MR BAEZ AS A RESULT OF HIS FALSE ARREST.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

COUNT 4: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24. Defendants owed a duty to the Plaintiff to provide him, like other PERSONS WITHIN THEIR CUSTODY AND FAILED TO PROPERLY EXERCISE THIS CARE WHEN THEY DETAINED AN INDIVIDUAL ENGAGED IN NO CRIMINAL ACTIVITY.

25. Defendants breached that duty when employees of the POLICE Department FAILED TO EXERCISE DUE CARE, IN ENSURING THERE WAS PROBABLE CAUSE FOR AN ARREST OF THE CLAIMANT.

26. As a result of the breach, which was the actual and proximate causes of severe emotional distress suffered by the Plaintiff, Plaintiff also suffered physical harm (LOSS OF BUSINESS) in the form of the pain related to his injuries SUFFERED AT THE HANDS OF THE NYPD..

27. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses and interest in an amount deemed at time or trial to be just, fair and appropriate.

Plaintiff further states that as to any and all State claims presented by this complaint there is proper and appropriate pendent/supplemental jurisdiction under the Judicial Improvements Act of 1990 and 28 U.S.C. §1367. In that "...the District Court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within which such original jurisdiction exists." In this instant matter, all State claims are directly related to the Constitutional violations alleged in this complaint, and are wholly and fully within the jurisdiction of this Court as a result.

Respectfully submitted,

ANTONIO BAEZ
By his attorney
AUGUST 12, 2014

_____/s/_____
Carlos Gonzalez, Esq
Gonzalez Law Associates
380 Lexington Ave, 17th Floor
New York, NY 10168
212-405-2234

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

10TH OF JUNE 2014

*[signature]*

ANTONIO BAEZ

Subscribed and sworn to before me, this 12 th day of AUGUST 2014

CARLOS GONZALEZ
Notary Public, State of New York
No. 02GO6144680
Qualified in Kings County
Commission Expires 05/01/1~~

Notary Public